The plaintiff mother appeals from a Superior Court judgment affirming the administrative decision of a hearing officer for the Department of Children and Families (department). The department hearing officer concluded that the mother neglected her children by raising unfounded complaints against the father. The mother claims the hearing officer's decision was not supported by substantial evidence. We affirm.
The department initiated an investigation after multiple allegations of abuse and neglect by the father, filed or instigated by the mother, were determined to be unfounded. After the investigation, the department did not support a finding of abuse and neglect by the father, but did support neglect by the mother. The mother requested and received an administrative hearing before a department hearing officer. The hearing officer affirmed the department's determination that the allegation of neglect was supported, finding that the mother's unsubstantiated complaints about the father placed the children in the middle of a contentious divorce proceeding, and interfered with the father's visitation. Pursuant to the State Administrative Procedure Act, G. L. c. 30A, § 14, the mother appealed the department's decision to the Superior Court, where judgment entered against the mother upon the department's cross motion for judgment on the pleadings.[2]
In this context, our review is confined to whether there was substantial evidence to support the department's conclusion that there was "reasonable cause to believe" the mother neglected the children. Lindsay v. Department of Social Servs., 439 Mass. 789, 797-798 (2003). B.K. v. Department of Children & Families, 79 Mass. App. Ct. 777, 780 (2011). " 'Reasonable cause to believe' refers to 'a collection of facts, knowledge or observations which tend to support or are consistent with the allegations, and when viewed in light of the surrounding circumstances and credibility of persons providing information, would lead one to conclude that a child has been abused or neglected.' " B.K., supra, quoting from 110 Code Mass. Regs. § 4.32(2) (2002). "We defer to [the department's] determinations of fact and its reasonable inferences drawn from the record," as well as its "assessments of the level of care required to meet a child's developmental and emotional needs." B.K., supra.
After careful review of the administrative record,[3] we conclude that there was substantial evidence supporting the hearing officer's determination that there was reasonable cause to believe the mother had neglected the children by failing to provide them with "minimally adequate emotional stability and growth and other essential care." See ibid. It is undisputed that all of the mother's reports regarding the father's conduct during the divorce proceedings were unsubstantiated. There was also evidence that the mother instigated false claims about the father by mandated reporters. This evidence included statements by Children's Hospital staff that the mother sought medical attention for the children to validate her allegations against the father, and concerns by a school counselor that one of the children had been coached. In addition, a department investigator indicated that the children's demonstrations about what happens at the father's house "seemed rehearsed." The destabilizing impact of involving one's children in false allegations of abuse and neglect is self-evident. This was undoubtedly "such evidence as a reasonable mind might accept as adequate to support" the hearing officer's conclusion. G. L. c. 30A, § 1, inserted by St. 1954, c. 681, § 1.
Finally, to the extent the mother claims that the department's investigation was incomplete or unfair, we consider that she had the opportunity to present additional evidence at the administrative hearing, but chose not to. Indeed, she elected not to testify. The hearing officer could properly draw a negative inference from her failure to do so. See Falmouth v. Civil Serv. Commn., 447 Mass. 814, 826 (2006). For all of these reasons, we discern no error in the motion judge's conclusion that "the hearing officer's findings of fact and rulings of law [were] based on sufficient evidence and contained no erroneous rulings of law."
Judgment affirmed.

The mother's appendix does not include the administrative record submitted as the department's answer, nor does it include a copy of the administrative hearing transcript. Her failure to do so could be dispositive of this appeal. See Covell v. Department of Social Servs., 439 Mass. 766, 782-783 (2003). However, we exercise our discretion to consider the issues raised by the mother based on the supplemental appendix submitted by the department.

The Superior Court judge allowed the mother's motion to admit additional evidence-excerpts of testimony by a department caseworker in the divorce proceeding, which the mother claimed contradicted his testimony at the administrative hearing. Our review is confined to the administrative record. See G. L. c. 30A, § 14(5) ; Magazu v. Department of Children & Families, 473 Mass. 430, 436 (2016). For the reasons set forth in the department's brief at pages twenty-two to twenty-seven, even were we to consider the additional evidence (included by the department in its supplemental appendix), the result would not change.